UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-10497 RGS

| | |
|---|---|
| DAVID DEITZEL<br>42 Carter Street<br>Leominster, MA 01453<br><br>    Plaintiff,<br><br>        v.<br><br>BOSTON & MAINE CORPORATION<br>Iron Horse Park<br>North Billercia, MA 01862<br><br>    and<br><br>GUILFORD TRANSPORTATION<br>INDUSTRIES, INC.<br>Iron Horse Park<br>North Billercia, MA 01862<br><br>    Defendants | MAGISTRATE JUDGE ____<br><br>CIVIL ACTION NO.<br><br>RECEIPT # 59485<br>AMOUNT $150<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK ___<br>DATE 3/11 |

## COMPLAINT

COMES NOW the plaintiff, David Deitzel, by and through the undersigned counsel, Mario Bozza, Esquire and Samuel J. Rosenthal, Esquire, and claims of the defendants, Boston & Maine Corporation and Guilford Transportation Industries, Inc. an amount in excess of the statutory arbitration limits, and avers the following:

1. Plaintiff, David Deitzel, is an adult individual, citizen of Massachusetts, residing in Leominster, Massachusetts.

2. Defendant, Boston and Maine Corporation, ("B & M") is a corporate entity duly organized and existing under and by virtue of the laws of the State of Delaware and, at all times material hereto, was

engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Nashua, New Hampshire.

3. Defendant, Guilford Transportation Industries, Inc, is a corporate entity duly organized and existing under and by virtue of the laws of the State of Delaware and, at all times material hereto, was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States.

4. At all times material hereto and for some time prior thereto, plaintiff was employed by Springfield Terminal Railway Company as a conductor in their business of interstate commerce and transportation by railroad.

5. Upon information and belief and at all times relevant hereto, Springfield Terminal Railway Company and the Boston and Maine Corporation are subsidiaries and/or under the control of defendant, Guilford Transportation Industries, Inc.

6. Upon information and belief and at all times relevant hereto, defendants, Springfield Terminal Railway and the Boston and Maine Corporation operate together, along with other entities, as Guilford Rail Services.

7. On or about March 12, 2001, while acting in the course and scope of his employment plaintiff was injured while attempting to throw a switch in defendants' Nashua, New Hampshire Yard in Nashua New Hampshire.

8. Plaintiff was injured because the aforesaid switch malfunctioned, was defective, improperly and/or poorly maintained resulting in a defective and hazardous condition.

9. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. §§ 1331 and 45 U.S.C. §§ 56.

## COUNT I

### David Deitzel v. Boston & Maine Corporation

**(Federal Employers Liability Act)**

10. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 9 of the Complaint as if same were fully set forth herein.

11. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C S. §§51, et seq. (1908), and the Federal Safety Appliance Act, 49 U.S.C.S. §§1, et seq. and Locomotive Boiler Act, 49 U.S.C.S. §§ 20701 et seq.

12. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

13. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant, Boston & Maine Corporation, acting by and through its agents, servants and employees and/or its

ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide a premises free of hazards and unsafe conditions;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe premise to perform the duties of his employment by failing to maintain the subject yard and/or switch in a reasonably safe condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe premises to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the premises, including but not limited to the subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

(e) failing to provide plaintiff with safe equipment, free of hazards and defects;

(f) failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use free from defects;

(g) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the premises particularly as they pertain to maintaining work areas free from struck switch hazards and/or slippery substances;

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above;

(i) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject switch, as described above; and

(j) failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

14. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

15. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Boston & Maine Corporation, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of his injuries.

16. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Boston & Maine Corporation, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

17. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Boston & Maine Corporation, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

18. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant Boston & Maine Corporation, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant, Boston & Maine Corporation, in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT II

### David Deitzel v. Boston & Maine Corporation

### (General Negligence)

19. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 18 of the Complaint as if same were fully set forth herein.

20. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

21. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant Boston & Maine Corporation, acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care by failing to provide a premise free of hazards and unsafe conditions;

(b) failing to use ordinary care by failing to maintain the subject yard and/or switch in a reasonably safe condition;

(c) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the premise, including but not limited to the subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

(d) failing to provide plaintiff with safe equipment, free of hazards and defects;

(e) failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use and free from defects;

(f) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the premise particularly as they pertain to maintaining such premises free from defective property conditions;

(g) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above; and

(h) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject premises, particularly the dangerous condition of the subject switch, as described above.

22. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Boston & Maine Corporation, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

23. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant

sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of his injuries.

24. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Boston & Maine Corporation, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

25. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Boston & Maine Corporation, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

26. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, Boston & Maine Corporation, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant Boston & Maine Corporation in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT III

### David Deitzel v. Guilford Transportation Industries, Inc.

### (Federal Employers Liability Act)

27. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 26 of the Complaint as if same were fully set forth herein.

28. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C S. §§51, et seq. (1908), and the Federal Safety Appliance Act, 49 U.S.C.S. §§1, et seq. and Locomotive Boiler Act, 49 U.S.C.S. §§ 20701 et seq.

29. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

30. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant, Guilford Transportation Industries, Inc., acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

   (a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a premises free of hazards and unsafe conditions;

   (b) failing to use ordinary care to furnish plaintiff with a reasonably safe premise to perform the duties of his employment by failing to maintain the subject yard and/or switch in a reasonably safe condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe premises to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the premises, including but not limited to the subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

(e) failing to provide plaintiff with safe equipment, free of hazards and defects;

(f) failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use free from defects;

(g) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining work areas free from struck switch hazards and/or slippery substances;

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above;

(i) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject switch, as described above; and

(j) failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

31. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more

fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

32. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of his injuries.

33. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

34. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the

future a loss of earnings and earning capacity as well as additional financial expenses or losses.

35. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant Guilford Transportation Industries, Inc., its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant, Guilford Transportation Industries, Inc., in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT IV

### David Deitzel v. Guilford Transportation Industries, Inc.

### (General Negligence)

36. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 35 of the Complaint as if same were fully set forth herein.

37. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

38. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant Guilford Transportation Industries, Inc., acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a). failing to use ordinary care by failing to provide a premise free of hazards and unsafe conditions;

(b). failing to use ordinary care by failing to maintain the subject yard and/or switch in a reasonably safe condition;

(c). failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the premises, including but not limited to the subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

(d) failing to provide plaintiff with safe equipment, free of hazards and defects;

(e) failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use free from defects;

(f) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the premise particularly as they pertain to maintaining work areas free from defective property conditions; and

(g) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above;

39. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other

personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

40. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of his injuries.

41. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

42. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford Transportation Industries, Inc., as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

43. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, Guilford Transportation Industries, Inc., its agents, servants and employees

and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant Guilford Transportation Industries, Inc. in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

Dated: 3/9/04

By: *Mario Bozza* 
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110

Of Counsel:

Samuel J. Rosenthal, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102